ROBERTS, Respondent, v. BROWN, Appellant.

(156 N. W. 77.)

(File No. 3749.   Opinion filed February 1, 1916.)

**1. Master and Servant—Liability to Pay Employee—Ownership of Employer's Business—Sufficiency of Evidence.**

In a suit to recover a balance due for services in a millinery establishment and for value of employee's time during the balance of the term, for which, as she claimed, she was employed, involving the question as to whether the employment was by defendant, or by one who was running the millinery business in her own name, but solely as manager for defendant, held, the evidence was sufficient to sustain the verdict for plaintiff.

**2. Trial—Province of Jury—Determination of Veracity of Witnesses.**

The question of the veracity of witnesses is for the determination of the jury. So held, on re-hearing, involving the liability to pay for service rendered in a millinery establishment, as to the ownership of which it was a question whether defendant, or one who was in possession of the business, and who, it was claimed by plaintiff, was simply defendant's manager, was liable.

Whiting, J., dissenting.

Appeal from Circuit Court, Walworth County.   Hon. JOSEPH H. BOTTUM, Judge.

On petition for rehearing.   Petition and former opinion overruled; judgment of the trial court being affirmed.

For former opinion, see, 35 S. D. 618, 153 N. W. 765.

*W. M. Potts,* for Appellant.

*Carpenter & Morrison,* for Respondent.

POLLEY, P. J.   This case is before this court upon a petition for rehearing.   The former opinion of the court is reported

in 35 S. D. 618, 153 N. W. 765, where the judgment appealed from is reversed, because of the insufficiency of the evidence to support the verdict.

[1, 2] The action was brought for the recovery of a balance of $19.25, which plaintiff claims was due her for services actually performed for defendant, and for $80 claimed to be due her as damages for her wrongful discharge. The jury returned a verdict for plaintiff, and, upon a further consideration of the record, we are of the opinion that the evidence is sufficient to support the verdict and judgment.

The evidence shows that in January, 1912, plaintiff was in Chicago. She was what is known in the millinery business as "trimmer." She claims that defendant came to her in Chicago and employed her to come to Aberdeen to act in the capacity of trimmer in a millinery shop in that city for the agreed term of 16 weeks; that, pursuant to said employment, she came to Aberdeen and worked in said shop for a period of 12 weeks, when defendant discharged her, without cause and without paying her a balance of $19.25 which she claims was due here for services actually rendered, and without paying her at all for the balance of her agreed term of employment. Defendant denies that he ever had a millinery shop in Aberdeen, that he ever employed plaintiff, or that she ever worked for him. He also denied that he had paid her anything, or that he ever owed her anything.

It is a conceded fact that, a short time before plaintiff claims to have been employed by the defendant, the defendant purchased a millinery shop in Aberdeen, and that a certain Miss Campbell was put in possession and management of said shop. Miss Campbell claims that the shop was purchased by defendant for her, and that she was the sole owner thereof. Plaintiff claimed that defendant and Miss Campbell were together in Chicago when she was employed, that defendant took part in the conversation that took place at the time of her employment, and that, in the course of said conversation, defendant said that he had bought a business (meaning the millinery shop) in Aberdeen, and that Miss Campbell was going to run it. Defendant admits that he was present and was introduced to plaintiff at the time of said employment, but denies that he took any part whatever in the conversation that took place between plaintiff and Miss Camp-

bell, or that he heard what was said between them at that time. Plaintiff claims that defendant called at the said place of business at different times while she was at work there, and that he showed a lively interest in the progress and success of the business. It is not disputed that the business was carried on in Miss Campbell's name. Neither is it disputed that, on several occasions, the defendant guaranteed the payment of certain bills incurred by Miss Campbell; and it is a fact that defendant paid for three separate orders of goods that were ordered by Miss Campbell during plaintiff's employment. There is a conflict of testimony as to who discharged the plaintiff. She claims that it was defendant who discharged her, while Miss Campbell claims that it was she who discharged plaintiff; but Miss Campbell admitted that plaintiff was discharged upon the suggestion and advice of defendant. It was at about this time that it was decided that the venture was not a success and that the shop was sold. Defendant said it was Miss Campbell who sold the business; but it was defendant who fixed the selling price and who negotiated the sale, and it was he who made the invoice upon which the sale was made. He signed the bill of sale and received the proceeds of said sale. Part of the proceeds of the sale was a check for $35.25, and this he indorsed and gave to plaintiff to apply on what was due her for work.

At about the time plaintiff was discharged defendant took charge of and disbursed the daily receipts of the business. This was apparently done without obtaining permission from Miss Campbell, or even consulting her. He does not appear ever to have accounted to her for such receipts, nor did she ever assert any interest therein, or object to the disposition thereof by defendant. It is true that defendant and Miss Campbell denied all of plaintiff's testimony touching defendant's ownership of the business and his employment of plaintiff; but this presented only a question of the veracity of the witnesses that was for the determination of the jury. All of the above circumstances relative to the purchase, ownership, management, and disposal of the said millinery business were proper for the consideration of the jury in support of plaintiff's theory that it was the defendant who employed the plaintiff, and that Miss Campbell never had any interest in the business, other than as manager for the defendant.

The other assignments have all been examined, and, while some immaterial evidence was received at the trial, there was nothing that was in any wise prejudicial to appellant, or that would warrant a reversal of the judgment.

The judgment appealed from is affirmed.

WHITING, J., dissents.